GARY M. RESTAINO
United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
AZ State Bar No. 022079
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: angela.woolridge@usdoj.gov
Attorneys for Plaintiff

FILED _____ LODGED
RECEIVED _____ COPY

NOV 14 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>vs.<br><br>Kevin Durazo,<br><br>            Defendant. | CR 21-2855-003-TUC-JCH (DTF)<br><br>Plea Agreement |

The United States of America and the defendant, Kevin Durazo, agree to the following disposition of this matter:

## PLEA

The defendant agrees to plead guilty to Counts Two and Three of the Indictment, charging the defendant with violations of Title 18, United States Code, 922(a)(6) and 924(a)(2), Making False Statements in Connection with Purchase of Firearms, a felony offense. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss Counts One and Three through Eleven against the defendant at the time of sentencing.

## ELEMENTS OF THE CRIME

The essential elements of Making False Statements in Connection with Purchase of Firearm are that:

(A)    The defendant made a false statement or representation to a federally licensed firearms dealer;

(B)   The false statement or representation was made in connection with the acquisition or attempted acquisition of a firearm;

(C)   The defendant knew the statement or representation was false; and

(D)   The statement or representation was material; that is, it had a natural tendency to influence, or was capable of influencing, the licensed firearms dealer into believing that the firearm could lawfully be sold to the defendant.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties:  The defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment:  The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

Immigration consequence:  The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

Agreement Regarding Sentencing:

    a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the below stipulated sentencing ranges, based on the defendant's criminal history (CH), are an appropriate disposition of this case:

        (1) 24 - 30 months imprisonment if the defendant is in CH category I;

        (2) 27 - 33 months imprisonment if the defendant is in CH category II;

        (3) 30 - 37 months imprisonment if the defendant is in CH category III;

        (4) 37 - 46 months imprisonment if the defendant is in CH category IV;

        (5) 46 - 57 months imprisonment if the defendant is in CH category V;

        (6) 51 - 63 months imprisonment if the defendant is in CH category VI.

The above stipulated sentencing ranges are based on the United States Sentencing Guidelines:

| | |
|---|---|
| Base Offense Level (§ 2K2.1(a)(7)) | 12 |
| Trafficking in Firearms (§ 2K2.1(b)(5)) | +4 |
| Connection with Another Felony (§ 2K2.1(b)(6)(B)) | +4 |
| Acceptance (§ 3E1.1(a)) | -3 |
| Total Adjusted Offense Level | 17 |

    b. The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated sentencing range based upon Probation's calculation of the defendant's criminal history score and category.

    c. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

    d. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

e. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

f. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

g. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

h. This plea agreement is contingent on the guilty pleas of both of the co-defendants in this case. If either co-defendant does not plead guilty, the government may withdraw from this agreement.

Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

4

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Waiver of Defenses and Appeal Rights:

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of

5

"prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)) or a claim by the defendant of ineffective assistance of counsel.

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

6

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On October 5, 2021, law enforcement agents conducted surveillance upon receiving information of possible weapons smuggling into Mexico through the Port of Entry in Douglas, Arizona. Agents observed a vehicle stop briefly at a residence in Douglas, then travel toward the Port of Entry and stop nearby. Co-defendant, Omar Gilberto Fierros Amaya exited the vehicle and walked to the outbound pedestrian lane, where officers found a FN 509 9mm pistol concealed on his waist. Meanwhile, the vehicle proceeded to the vehicular outbound lanes, where the driver was identified as co-defendant,

7

Mario Edoardo Ramirez Chavez and the passenger as the defendant, Kevin Durazo.

The defendant admitted to law enforcement agents that he had traveled to Tucson from Douglas with Amaya and Ramirez to purchase firearms and ammunition. The defendant asked Ramirez to purchase a 7.62x51mm (.308 WIN) caliber rifle from a licensed firearms dealer and gave Ramirez the money for the purchase. In the paperwork required by law to be kept in the records of the firearms dealer, Ramirez stated that he was the actual purchaser of the firearm and was not acquiring it on behalf of another individual, when in fact he was acquiring it at the request and direction of the defendant. The defendant was aware that, by having Ramirez purchase the firearm upon his request, Ramirez was making this false statement to the firearms dealer.

The defendant then purchased the 9mm pistol (subsequently found on Amaya) and 7.62x51mm caliber ammunition from another licensed firearms dealer. In the paperwork required by law to be kept in the records of the firearms dealer, the defendant stated that he was the actual purchaser of the firearm and was not acquiring it on behalf of another individual, when in fact he was acquiring it for another individual. The defendant was aware that this false statement to the firearms dealer was untruthful at the time he made it.

The defendant, Ramirez, and Amaya then traveled to a residence in Douglas, where they left the rifle and ammunition. They then traveled to the Port of Entry, where they dropped off Amaya, and the defendant and Ramirez attempted to drive back to Mexico.

Inside the residence, agents found the FN SCAR 175 7.62x51mm (.308 WIN) caliber rifle purchased by Ramirez and a box containing 500 rounds of 7.62x51mm caliber ammunition purchased by the defendant. The receipt for the purchase of the rifle was found in the vehicle, and the receipt for the purchase of the pistol was found on the defendant.

11/3/22
_____
Date

*Kevin Durazo*
_____
Kevin Durazo
Defendant

8

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

11/3/22

Date

Jeffrey Rogers, Esq.
Attorney for the defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

ANGELA
WOOLRIDGE

Digitally signed by ANGELA WOOLRIDGE
Date: 2022.11.03 10:37:14 -07'00'

Date

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

9