GARY M. RESTAINO
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
Arizona State Bar No. 028042
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | 4:21-CR-02855-JCH-3 |
| vs. | SENTENCING MEMORANDUM |
| Kevin Durazo, | |
| Defendant. | |

Plaintiff, United States of America, by its attorneys, GARY M. RESTAINO, United States Attorney, and ADAM D. ROSSI, Assistant United States Attorney, hereby submit its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for February 23, 2023, before the Honorable United States District Court Judge John C. Hinderaker.

Having reviewed the findings and recommendations in the Presentence Report (PSR), the government has no objection to the guideline calculations and concurs with the recommendations listed therein. The government respectfully requests that this Court accept the defendant's plea of guilty to the indictment in this matter.

In this case, the defendant has no criminal convictions, other criminal conduct, pending charges, or other arrests. PSR ¶¶ 38, 41-43. The defendant's conduct in this case, however, is very concerning. Here the defendant was contacted in a Chevy Tahoe after the arrest of codefendant Fierros-Amaya for attempting to smuggle a FN 509 TAC 9mm

handgun and two magazines into the Republic of Mexico on foot. PSR ¶ 8. Codefendant Fierros-Amaya had been dropped off at the port by codefendant Chavez as the driver and this defendant as a passenger, and they had proceeded to the outbound lanes after dropping off Fierros-Amaya. PSR ¶ 9. Found in the vehicle, was a receipt for a purchase by this defendant of a FN SCAR 17S semi-automatic rifle, on October 1, 2021, for $3,554.48. *Id*. Another receipt showed codefendant Chavez purchased the same type of rifle for the same price on October 5, 2021. *Id*.

This defendant's property was thereafter searched, and two additional receipts for ammunition and a firearm were recovered. PSR ¶ 10. The defendant purchased a 500-round case of 7.62x51mm ammunition, the same ammunition utilized by the FN SCAR 17S purchased by the defendant on October 1, 2021, for $432.37. *Id*. The other receipt was for the $971.82 purchase by the defendant of the same FN 509 TAC 9mm handgun that codefendant Fierros-Amaya attempted to export to Mexico. *Id*.

Additionally, defendant admitted to purchasing five (5) FN SCAR rifles, and the handgun seized in Fierros-Amaya's possession, in the past week, and giving the money to Chavez to purchase the SCAR rifle purchased by Chavez. PSR ¶¶ 15-16. One rifle and the ammunition purchased by the defendant were seized at the home the defendants stopped at prior to proceeding to the Port of Entry. PSR ¶ 14. Agents were also able to confirm purchases of rifles by Durazo, including three (3) for $3,554.48 each, and a FN model 20S rifle for $4,646.29. PSR ¶ 17. The defendant intended on being paid $200 for each firearm smuggled to Mexico. PSR ¶ 16.

The firearms and ammunition the defendant and his co-defendants acquired and transported with the intent of exportation into Mexico qualify as United States Commerce Control List items and therefore are prohibited by law for export from the United States into Mexico without a valid license. Neither the defendant nor any other individual involved in the attempted export of these firearms and ammunition had a license or any other lawful authority to export them from the United States into Mexico. As the Court is

aware, the illegal export of such firearms, ammunition, and firearms accessories are bound for the cartels in Mexico, and puts the citizens of Mexico and the United States in extreme danger.

As the Court may be aware, the plea offers for similar cases in this office have recently changed. In cases such as this, and the United States will agree here, to permit the defendant to argue for a variance, in order to get to the agreed upon range in the plea offer. The United States may oppose any variance below the plea agreement range, as it does here, but will not withdraw from the plea if one is granted. In an effort at fairness, the United States requests the same benefits be given to this defendant at sentencing, and the plea range be at the 24-30 months. As noted by Probation, however, there are no factors that would warrant a variance from this range, and in fact points out the basis for an upward departure. PSR ¶ 79, and pg. 14-15.

In summation, based on the nature of this serious offense and his role within it, but accounting for the new plea agreements offered by this office, a sentence of 30 months is appropriate. Therefore, the government would request the Court accept the defendant's plea of guilty, and impose the recommendations of Probation, albeit with a higher term of imprisonment, including a term of 30 months imprisonment, to be followed by 3 years supervised release.

Based upon the nature of the current offense and the criminal history of the defendant, the sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Respectfully submitted this 16th day of February, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/ Adam D. Rossi
ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 16th day of February, 2023, to:

Jeffrey J. Rogers, Esq.,
Attorney for Defendant