GARY M. RESTAINO
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
Arizona State Bar No. 028042
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | 4:21-CR-02855-JCH-1 |
| vs. | SENTENCING MEMORANDUM |
| Omar Gilberto Fierros-Amaya, aka Omar Gilberto Fierros Amaya, | |
| Defendant. | |

Plaintiff, United States of America, by its attorneys, GARY M. RESTAINO, United States Attorney, and ADAM D. ROSSI, Assistant United States Attorney, hereby submit its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for May 2, 2023, before the Honorable United States District Court Judge John C. Hinderaker.

Having reviewed the findings and recommendations in the Presentence Report (PSR), the government has one previously filed objection to the guideline calculations, Doc. 183, but concurs with the recommendations listed therein. The government respectfully requests that this Court accept the defendant's plea of guilty to the indictment in this matter.

In this case, the defendant has no criminal convictions, other criminal conduct, pending charges, or other arrests. PSR ¶¶ 36, 39-41. The defendant's conduct in this case, however, is very concerning. Here the defendant was contacted after being dropped off by

a Chevy Tahoe at the port of entry in Douglas, AZ, and started walking toward the port to travel by foot to Mexico. PSR ¶ 9. The defendant gave a negative declaration, but when agents attempted to pat him down, resisted and reached to his front waistband. *Id*. Agents then placed the defendant in handcuffs, and found a FN 509 TAC 9mm handgun and two magazines in the defendant's waistband, and a U.S. Treasury check for $6,134.15 in his pocket. *Id*. Defendant Fierros-Amaya had been dropped off at the port by codefendant Chavez as the driver and codefendant Durazo as a passenger, and the two codefendants had proceeded to the outbound lanes after dropping off defendant Fierros-Amaya. PSR ¶ 10. Found in the Tahoe was a receipt for a purchase by codefendant Durazo of a FN SCAR 17S semi-automatic rifle, on October 1, 2021, for $3,554.48. *Id*. Another receipt showed codefendant Chavez purchased the same type of rifle for the same price on October 5, 2021. *Id*.

Codefendant Durazo property was thereafter searched, and two additional receipts for ammunition and a firearm were recovered. PSR ¶ 11. Codefendant Durazo purchased a 500-round case of 7.62x51mm ammunition, the same ammunition utilized by the FN SCAR 17S purchased by the defendant on October 1, 2021, for $432.37. *Id*. The other receipt was for the $971.82 purchase by the defendant of the same FN 509 TAC 9mm handgun that defendant Fierros-Amaya attempted to export to Mexico. *Id*.

Additionally, codefendant Durazo admitted to purchasing five (5) FN SCAR rifles, and the handgun seized in Fierros-Amaya's possession, in the past week, and giving the money to codefendant Chavez to purchase the SCAR rifle purchased by Chavez. PSR ¶¶ 16-17. One rifle and the ammunition purchased by the codefendant Durazo were seized at the home the defendants stopped at prior to proceeding to the Port of Entry. PSR ¶ 15. Agents were also able to confirm purchases of rifles by codefendant Durazo, including three (3) for $3,554.48 each, and a FN model 20S rifle for $4,646.29. PSR ¶ 18. Codefendant Durazo admitted to agents that he intended on being paid $200 for each firearm smuggled to Mexico. PSR ¶ 17.

Defendant Fierros-Amaya admitted to agents that codefendant Chavez had purchased a firearm in a large box and left it at the residence they stopped at prior to arriving at the port. PSR ¶ 12. This defendant also admitted codefendant Durazo had purchased ammunition at the same store Durazo purchased the handgun at, and also left it at the same residence. *Id*. This defendant also admitted he attempted to smuggle the handgun and two magazines to Mexico, and also expected to be paid $200. *Id*.

The firearms and ammunition the defendant and his co-defendants acquired and transported with the intent of exportation into Mexico qualify as United States Commerce Control List items and therefore are prohibited by law for export from the United States into Mexico without a valid license. Neither the defendant nor any other individual involved in the attempted export of these firearms and ammunition had a license or any other lawful authority to export them from the United States into Mexico. As the Court is aware, the illegal export of such firearms, ammunition, and firearms accessories are bound for the cartels in Mexico, and puts the citizens of Mexico and the United States in extreme danger.

As the Court is aware, the United States is objecting to the adjustment for minor role, as reflected in PSR ¶ 79. *See* Doc. 183. Without belaboring the point, the government's position is that the description used by Probation to assess a minor role adjustment is the description of every first-time body-carrying firearms exporter in the District. Here, agents were able to interdict and arrest more culpable parties, the codefendants, and, if anything, their roles should have been reflected by upward departures, not a minor role adjustment for this defendant. The Ninth Circuit requires the minor role adjustment be applied "infrequently and only in exceptional circumstances." This is not the case here, and the government's objection should be sustained. Importantly, the United States agrees that the recommended sentence is appropriate in light of the codefendant's sentences, and can be reached via the variance language in the plea, and a minor role adjustment need not be applied.

In summation, based on the nature of this serious offense and his role within it, but accounting for the sentences of the codefendants, a sentence of 12 months and 1 day is appropriate. Therefore, the government would request the Court accept the defendant's plea of guilty, and impose the recommendations of Probation, including a term of 12 months and 1 day imprisonment, to be followed by 3 years supervised release.

Based upon the nature of the current offense and the criminal history of the defendant, the sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Respectfully submitted this 25th day of April, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 25th day of April, 2023, to:

Saul M. Huerta, Jr., Esq.,
Attorney for Defendant